# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Dustin J. Sansoucie,

      Plaintiff

v.

Jerry Howell, et al.,

      Defendants

Case No.: 2:19-cv-01810-JAD-BNW

**Order Screening Complaint and Granting Application to Proceed in Forma Pauperis**

[ECF No. 1]

Plaintiff Dustin J. Sansoucie brings this civil-rights action for an incident at the Southern Desert Correctional Center (SDCC) where he alleges his pleas for help were ignored for hours after he swallowed a razor blade.  He sues various correctional officers (COs) and state officials under state law and 42 U.S.C. § 1983, claiming that their deliberate indifference to his medical needs violated the Eighth Amendment.  Because Sansoucie applies to proceed *in forma pauperis*,[1] I screen his complaint under 28 U.S.C. § 1915A.  I find that he has not alleged a colorable Eighth Amendment claim and I dismiss it with prejudice because it is clear that amendment would be futile.  And because his only remaining state-law claim is barred in this court by the Eleventh Amendment, I dismiss it without prejudice and without leave to amend.

## Background[2]

In 2019, Sansoucie tried to kill himself by swallowing a razor blade while in custody at the SDCC.[3]  That night, he told CO Arias[4] that he was suicidal, had already swallowed the blade,

---

[1] ECF No. 1.

[2] These facts are taken from the plaintiff's allegations and are not intended as findings of fact.

[3] ECF No. 1-1 at 5.

[4] Sansoucie names this defendant by last name only.  *Id.* at 2.

and needed help.[5]  But instead helping, Arias laughed him off, telling him he would have to

prove that he had swallowed the blade.[6]  When Sansoucie couldn't meet Arias's demands, Arias

walked away.[7]  Once Sansoucie realized that nobody else was coming to help him, he started

yelling for help.[8]  A different CO responded, but Sansoucie was again laughed off when he

couldn't prove to that unnamed CO that he had swallowed a blade.[9]  Sansoucie continued to yell

"man down" until he fell asleep.[10]

The next morning when he woke up, Sansoucie told different COs about the incident, but

was again met with inaction.[11]  Sansoucie fell back asleep before waking up hours later for

dinner.[12]  This time when he told the final CO about his situation, he was taken to see medical

professionals, who determined that he had swallowed a blade and operated on him to remove it.[13]

The situation left Sansoucie with a sense of worthlessness, and he was placed on suicide watch

upon his return to prison.[14]

Sansoucie now sues an unnamed CO, COs Arias and Jerry Howell, Nevada Department

of Corrections Director James Dzurenda, Attorney General Aaron Ford, and Governor Steve

Sisolak—in their official capacities—for "direct neglect" (claim 1) and "willful indifference"

---

[5] *Id.* at 5.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.* at 5–6.

[13] *Id.* at 6.

[14] *Id.*

(claim 2).[15]  Based on his allegations, I interpret them as claims for state-law negligence and Eighth Amendment deliberate indifference to serious medical needs.

**I.     Screening standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[16] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, or that fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[17]  All or part of the complaint may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact.  This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, and claims based on fanciful factual allegations or fantastic or delusional scenarios.[18]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[19]  In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[20]  Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[21] but a plaintiff must provide more

---

[15] *Id.* at 5, 7.

[16] *See* 28 U.S.C. § 1915A(a).

[17] *See id.* § 1915A(b)(1)(2).

[18] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[19] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[20] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[21] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

than mere labels and conclusions.[22]  "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[23]  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[24]

**II.     Screening of the complaint**

   **A.     Deliberate indifference to serious medical needs**

The Eighth Amendment prohibits prison officials from acting with "deliberate indifference" to an inmate's serious medical needs.[25]  This claim requires a plaintiff to prove "that the deprivation was serious enough to constitute cruel and unusual punishment" and deliberate indifference.[26]  To establish deliberate indifference, the plaintiff must show both "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and that he was harmed by the indifference."[27]  "Indifference may appear when prison officials deny, delay[,] or intentionally interfere with medical treatment . . . ."[28]  But when a prisoner alleges that his medical treatment was delayed, he must show that the delay led to further injury.[29]

Sansoucie's allegation that he was left without medical care after alerting prison officials to his need is insufficient to state a colorable deliberate-indifference-to-serious-medical-needs

---

[22] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[23] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[24] *Id.*

[25] *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).

[26] *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

[27] *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

[28] *Id.* (internal quotations omitted).

[29] *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

claim because he has not shown he was physically injured from the delay in care.  Although he
claims that the COs intentionally failed to respond, he has not alleged that he was physically
harmed by this indifference.  Instead he alleges that, although he eventually received medical
care to remove the blade, the officers' lack of care and harsh attitudes beforehand left him
"mentally distraught."[30]  Based on a liberal construction of these facts, Sansoucie cannot state a
claim for deliberate indifference because he was not harmed by the indifference and any harm he
did suffer was emotional, which he cannot recover for under § 1983.[31]  So I dismiss Sansoucie's
Eighth Amendment claim with prejudice because amendment would be futile.[32]

**B.    Negligence claim**

In his remaining claim for relief, Sansoucie reiterates a near-identical claim under the title
"direct neglect."  As I noted above, Sansoucie's lack of injury from the delay in care dooms his
deliberate-indifference claim.  But if this is instead a state-law negligence claim, the Eleventh
Amendment bars him from bringing it in this court.  Sansoucie has sued the defendants in their
official capacities, which is essentially a suit against their office and not against them as
individuals.[33]  While Nevada has waived sovereign immunity for tort claims in the state court

---

[30] ECF No. 1-1 at 8.

[31] *See* 42 U.S.C. § 1997e (providing that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ."); *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002) (holding that 42 U.S.C. § 1997e requires a prior showing of physical injury that need not be significant but must be more than *de minimis*").  It is likely that any physical harm Sansoucie could allege would be *de minimus* because he alleges that he could yell, eat, and sleep after swallowing the blade and received surgery shortly thereafter.

[32] Given that Sansoucie named the defendants in their official capacities only, the Eleventh Amendment would also bar his Eighth Amendment claim under § 1983.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

[33] *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).

subject to certain restrictions, it has not waived its immunity under the Eleventh Amendment.[34]
Because Sansoucie cannot bring an official-capacity suit against the defendants in this court, I
dismiss his state-law claims, without prejudice and without leave to amend. [35]  If Sansoucie
wishes to bring his state-law claims against the state employees, he must file them in state court.

### Conclusion

IT IS THEREFORE ORDERED that Sansoucie's  application to proceed *in forma
pauperis* without having to prepay the filing fee **[ECF No. 1] is GRANTED**.[36]  Sansoucie need
not pay an initial installment fee, prepay fees or costs, or provide security for fees or costs, but he
is still required to pay the full $350 filing fee under 28 U.S.C. § 1915, as amended.  This full
filing fee remains due and owing even though this case is being dismissed.

In order to ensure that Sansoucie pays the full filing fee, IT IS FURTHER ORDERED
that the Nevada Department of Corrections must pay to the Clerk of the United States District
Court, District of Nevada, 20% of the preceding month's deposits to the account of **Dustin J.
Sansoucie, #1206161** (in months that the account exceeds $10.00) until the full $350 filing fee
has been paid for this action.  The Clerk is directed to SEND a copy of this order to the attention
of **Chief of Inmate Services for the Nevada Department of Prisons,** P.O. Box 7011, Carson
City, NV 89702.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to **FILE** the
complaint (ECF No. 1-1) and send Sansoucie a courtesy copy.

---

[34] Nev. Rev. Stat. § 41.031.

[35] *See O'Connor v. State of Nev.*, 686 F.2d 749, 750 (9th Cir. 1982) (holding that "Nevada has
explicitly refused to waive its immunity to suit under the eleventh amendment . . . The Supreme
Court has made it clear that section 1983 does not constitute an abrogation of the eleventh
amendment immunity of the states").

[36] This order granting *in forma pauperis* status does not extend to the issuance or service of
subpoenas at government expense.

IT IS FURTHER ORDERED that:

- The Eighth Amendment deliberate-indifference-to-serious-medical-needs claim (claim 2) is **DISMISSED with prejudice and without leave to amend**; and

- The state law negligence claim (claim 1) is **DISMISSED without prejudice and without leave to amend**.

Because this dismissal leaves no claims open, IT IS FURTHER ORDERED that the **Clerk of the Court is directed to CLOSE THIS CASE and ENTER JUDGMENT accordingly**.

IT IS FURTHER ORDERED that I certify that any *in forma pauperis* appeal from this order would **not** be taken "in good faith" under 28 U.S.C. § 1915(a)(3).

_____
U.S. District Judge Jennifer A. Dorsey
November 2, 2020